## FARMER v. THE CENTRAL IOWA R'Y CO.

1. **Railroads:** INJURY TO EMPLOYE BY EXPOSURE TO COLD: NEGLI-
GENCE: CONTRIBUTORY NEGLIGENCE. Plaintiff, under a "section
boss," went on a hand car, with the "boss" and another man, on a
very cold morning, to work on a distant part of the road. Plaintiff
twice remarked that he believed his feet were freezing, and requested
that the car be stopped and he be allowed to walk, but the requests were
not made with that degree of earnestness and urgency with which men
usually make known their wants when their personal safety depends on
the thing wanted; and so the car was not stopped, though plaintiff had
it in his power to stop it by the use of the brakes, and it would not have
been an act of insubordination for him to do so. Besides, plaintiff might
have availed himself of shelter and a fire after their arrival at their des-
tination, but he did not do so, but proceeded to shovel snow till about 2
o'clock P. M., when he said that his feet were frozen, and he was taken
home. By the freezing of his feet he was permanently injured. *Held*
that the "boss" was not guilty of negligence for which the company
was liable, but that plaintiff was guilty of contributory negligence, and
could not recover.

### *Appeal from Keokuk District Court.*

### WEDNESDAY, OCTOBER 7.

ACTION to recover for personal injuries sustained by plaint-
iff, who was in the employment of defendant, through the
negligence of a co-employe under whose direction he was
working. There was a judgment upon a verdict for plaint-
iff. Defendant appeals.

*J. H. Blair, A. C. Daly* and *G. D. Woodin*, for appel-
lant.

*J. F. & W. R. Lacey*, for appellee.

BECK, CH. J.—I. The plaintiff, being employed as a
"section hand" by defendant, with another "section hand"
and a "boss," for the purpose of cleaning snow from a por-
tion of the track of the section of which they had the care,
went upon a hand-car about three miles, in order to begin

the work of the day. The morning was excessively cold; the thermometer, according to plaintiff's testimony, being thirty-seven degrees below zero. Plaintiff voluntarily went upon the car; that is, it would not have been regarded as an act of insubordination had he refused to go. The workmen had not proceeded more than half the way when plaintiff complained that his feet were very cold, and he feared they were freezing, and expressed a wish to stop the car, which was running at about twelve miles per hour, that he might get off and walk. It appears that the " boss " made no reply, and it is not shown that he heard the request. Soon after a like request was made, to which the " boss" made an evasive reply, and with which he did not comply. In a few minutes, not exceeding ten, after the last request, the car was stopped. The " boss" and another man went into a " tank-house" for a time, where some shelter was afforded from the extreme cold. The plaintiff remained outside. In a short time the three proceeded to the work of shoveling snow at points on the track beyond the place at which they had stopped. They returned to the " tank-house" about two o'clock, and took their dinner at four. Plaintiff then informed the " boss" that his feet were frozen, and that he desired to go home. He was taken home upon the hand car, when it was found that his feet were severely frozen. He has suffered greatly from the injury, which is permanent. These facts appear in the testimony of plaintiff. Some of them are stated differently, or are disputed, in the evidence for defendant.

The testimony for defendant shows, and the facts are not disputed, that plaintiff could have stopped the car at any time by the use of the brake, and it would not have been regarded as an act of insubordination; and by the same evidence it appears that there was a stove in the " tank-house." There was no fire built in it when the men were there in the morning, but there was a fire in it when they took their dinners in the afternoon.

II.   Assuming, for the purposes of the case, that defendant would be liable for negligence of the " boss," if any be shown, we are of the opinion that the evidence fails to show facts from which such negligence may be inferred.   Had the " boss" been advised that plaintiff's safety required him to stop the car, it would doubtless have been negligence for him not to have done so.   But we are clearly of the opinion that the " boss" could not have inferred from plaintiff's request that he was in imminent danger which could only be avoided by stopping the car.   Plaintiff's request, according to his own testimony, was not made with the earnestness and urgency with which men usually make known their wants when their personal safety depends upon the thing wanted.

III.   We think, too, that plaintiff failed to exercise proper care to avoid the injury; that in fact he contributed thereto by his own negligence.   If it was necessary to have the car stopped for him to get off, it was in his own power to stop it.   Ordinary prudence required him to do this.   His failure to do it was negligence contributing to the injury.   We think, too, that he failed to exercise proper care in not going into the " tank-house," and negligently exposed himself to the intense cold, when he could have had shelter and a fire. This negligence doubtless contributed to his injury, and he cannot recover therefor.

In our opinion the district court erred in failing to instruct the jury in accord with these views, and in overruling a motion for a new trial.   Other questions discussed by counsel need not be considered.

REVERSED.